DAVIDOFF HUTCHER & CITRON, LLP
*Proposed Attorneys for the Debtors*
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
(914) 381-7400
Robert L. Rattet, Esq.
Jonathan S. Pasternak, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11<br>Case Nos. |
| CONTEMPORARY MANAGEMENT SERVICES LLC, | 23-22459 (SHL) |
| REFINED DENTAL LABORATORY LLC, | 23-22460 |
| DALE D. GOLDSCHLAG, D.D.S., P.C., | 23-22461 |
| TOTAL DENTAL IMPLANT SOLUTIONS LLC, and | 23-22462 |
| CDIC HOLDINGS LLC, | 23-22464 |
| | (Joint Administration Requested) |
| Debtors. | |

-------------------------------------------------------------------X

**APPLICATION IN SUPPORT OF ORDER AUTHORIZING AND
APPROVING RETENTION OF RK CONSULTANTS, LLC AS ACCOUNTANTS TO
THE DEBTORS AND DEBTORS-IN-POSSESSION**

**TO:    THE HONORABLE SEAN H. LANE,
         UNITED STATES BANKRUPTCY JUDGE:**

The above-captioned debtors and debtors-in-possession (the "Debtors"), by and through their proposed counsel, Davidoff Hutcher & Citron LLP, hereby submit this application (the "Application") for an entry of an Order, substantially in the form attached hereto as Exhibit "A", pursuant to sections 327(a) and 330 of Title 11 of the United States Code, 11 U.S.C. §§101 *et seq*. (as amended, the "Bankruptcy Code") and Rules 2014(a) of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), and Rule 2014-1 of the Local

Rules For the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"). The Application is made and based upon the authorities provided herein, and the Affidavit of Karl Knechtel in Support of the Application to Retain and Employ RKC LLC d/b/a RK Consultants LLP ("RK") as Accountants to the Debtors (the "Knechtel Affidavit"), which is attached hereto as Exhibit "B" and incorporated by reference herein. In further support of this Application, the Debtors set forth and allege as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. These proceedings have been initiated pursuant to Bankruptcy Code § 105(a), 327 and Bankruptcy Rule 2014.

## BACKGROUND

2. On June 15, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

3. For a complete history on the background of the Debtors and the circumstances leading up to the Chapter 11 Cases, the Debtors refer to and incorporate by reference the *Affidavit of Dale D. Goldschlag Pursuant to SDNY Local Rule 1007-2* (ECF No. 2, the "Rule 1007 Declaration").

4. The Debtors are authorized to continue to operate their business and manage their affairs as debtors-in-possession pursuant to sections 1107(a) and (b) and 1108 of the Bankruptcy Code.

5. The Debtors intend to restructure their affairs, liquidate all claims and file a plan of reorganization to successfully emerge from Chapter 11.

## RELIEF REQUESTED

6. The Debtors necessarily require the engagement of RK to, inter alia, advise the Debtors in matters regarding restructuring and reorganization, interface with the Debtors' financial records to form a budget for cash collateral, make recommendations to the Debtors, and otherwise assist and advise the Debtors in all matters regarding their Chapter 11 reorganization. In order for the Debtors to be successful in their reorganization efforts, they require a knowledgeable and well-experienced accountant with extensive experience in complex bankruptcy and insolvency matters such as the Debtors' Chapter 11 cases.

7. The Debtors seek to retain RK as their accountants because of RK's extensive experience in providing financial and operational guidance to companies in distressed situations and in restructuring scenarios. The partners, managing directors, directors, senior managers, managers, associates and other professional staff of RK have extensive experience in working with financially troubled companies in complex financial restructurings both out-of-court and in comparable Chapter 11 cases. RK's professionals have provided financial advisory and accounting services to many debtors, creditors and other constituents in Chapter 11 and Chapter 7 cases. The Debtors believe that RK is well qualified to act as their financial advisors and to perform necessary services for the Debtors which are necessary for the successful prosecution of the Debtors' Chapter 11 cases and as may be further necessary as set forth in the accompanying Knechtel Affidavit.

8. Subject to this Court's approval, RK is prepared to provide a range of strategic financial advisory services to the Debtors. The Debtors submit that RK possesses the requisite

3

resources and is both highly qualified and uniquely able to act as accountants to the Debtors. RK is qualified to perform such services that are necessarily required by and for the Debtors.

9. The resources, capabilities and experience of RK in advising the Debtors is crucial for a successful restructuring. RK intends to work closely with the Debtors and the Debtors' representatives to ensure there is no unnecessary duplication of services performed or charged to the Debtors' estate. The Debtors intend to carefully monitor and direct the services to be provided to maximize efficiencies and promote economy for the benefit of the estate.. Accordingly, authorizing the relief requested herein is appropriate in the Chapter 11 Cases.

### Scope of Services

10. Consistent with the terms of the engagement letter dated May 23, 2023, RK will provide various services that may include, but are not necessarily limited to, the following (the "Services"):

   a. Identify and facilitate the Debtors' restructuring options, assisting the Debtors in exploring strategic alternatives and assisting the Debtors in navigating a bankruptcy process, as needed, including preparation of documentation attendant to a bankruptcy filing;

   b. Assist the Debtors in the preparation of short and long-term projections (balance sheet, profit and loss, and cashflows);

   c. Assist the Debtors in the preparation of financial-related disclosures required by the Bankruptcy Court, including any amendments to the Debtors' Schedules of Assets and Liabilities, Statements of Financial Affairs, monthly operating reports, etc.

   d. Institute procedures to ensure the safekeeping and security of the Debtors' assets;

   e. Assist the Debtors in resolving vendor issues;

   f. Assist the Debtors with information and analyses requested by parties in interest and/or required pursuant to its cash collateral arrangements;

   g. Assist the Debtors in the preparation of financial statements;

    h. Preparation of financial statements and other reports as may be required by the Court or under the United States Trustee Guidelines;

    i. Administer the accounting and financial advisory services;

    j. Assist the Debtors in daily administrative and operational duties;

    k. Prepare and validate updated and rolling 13-week cash flow projections, including analyzing historical cash disbursements and receipts and results of operation to determine the reasonableness of projected cash flows and short-term cash needs; and

    l. Render such other general services consulting or other such assistance as the Debtors or their counsel may deem necessary.

11. Subject to this Court's approval of the relief requested in this Application, RK will provide the Services to the Debtors.

### RK's Disinterestedness

12. RK has reviewed its electronic database (the "Database") and, to the best of its knowledge, except to the extent disclosed in the Knechtel Affidavit, RK is a "disinterested person" with the meaning of section 101(14) of the Bankruptcy Code, does not hold or represent an interest adverse to the Debtors' estates, and has no connection to the Debtors, their creditors, or their related parties. RK will periodically review their files during the pendency of the Debtors' cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If RK discovers any new relevant facts or relationships pertaining to the matters described herein during the period of its retention, RK will promptly file a supplemental affidavit with the Court.

13. To the best of the Debtors' knowledge, RK has no connection with the Debtors' creditors or any other parties in interest or their respective attorneys, except as set forth in the Knectel Affidavit annexed hereto as Exhibit B.

14. To the best of the Debtors' knowledge, RK represents no interest adverse to the

5

Debtors' estates, or any other interested person in the matters with respect in which RK is to be engaged as accountants.

15. RK is a "disinterested person" as that term is defined in Bankruptcy Code §101(14) in that said firm:

(a) is not a creditor, an equity security holder, or an insider;

(b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

(c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

*See* 11 U.S.C. § 101(14).

16. Accordingly, the Debtors submit that the retention of RK is necessary and is in the best interest of the estates.

17. As a result of all of the foregoing, the Debtors believe that, not only is RK a disinterested person within the meaning of Section 101 of the Bankruptcy Code but is best qualified professional to perform services which are necessarily required.

### RK's Compensation

18. The Debtors believe that RK should be employed and compensated at the rates reflected in the Knechtel Affidavit filed contemporaneously herewith. All charges for fees and expenses are subject to review by the Court, in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") and any other applicable procedures and orders of the Court. Compensation will be payable to RK on an hourly basis, plus reimbursement of actual and necessary expenses incurred by RK. RK's billing rates

for the financial advisory and accounting services of the nature to be rendered to the Debtors are as follows:

| Professional | Hourly Rate |
|---|---|
| Members | $400-$450 |
| Director | $325 |
| Other Associates | $100 - $350 |

RK's hourly rates vary with the experience and seniority of the individuals assigned. The hourly rates of RK are subject to periodic adjustments to reflect economic and other conditions. In the normal course of business, RK revises its hourly rates each year. The Debtors and RK respectfully submit that such rates are reasonable in light of the quality and specialized nature of the services being provided and are consistent with the market.

19. The Debtors and RK understand that any compensation paid to RK must be approved by this Court upon application consistent with the Bankruptcy Code, applicable Bankruptcy Rules or further Order of this Court. In addition, RK will also seek reimbursement for actual and necessary out-of-pocket expenses incurred in connection with its engagement with the Debtors in the Chapter 11 cases, which may include, but are not limited to, postage, overnight mail, courier delivery, transportation, computer assisted legal research, photocopying, outgoing facsimile transmissions, airfare, meals and lodging. Consistent with local practice, nonworking travel time will be charged at half of actual time incurred. Expenses for actual costs incurred will be charged in accordance with the applicable Rules and Guidelines of this Court.

20. The Debtors request approval of the retention of RK to represent the Debtors, effective as of June 15, 2023. Due to the complex and sensitive nature of the Debtors' cases, there is an immediate need for RK to perform services for the Debtors, and the Debtors have sought authorization to retain and employ RK as soon as reasonably practicable.

21. The Debtors desire to retain RK to perform services, which are absolutely necessary to the administration of the Chapter 11 cases and the Debtors believe that RK's fee and expense structure is consistent with and typical of compensation arrangements entered into by RK and less or equal to other comparable firms in connection with the rendering of similar services under similar circumstances. The Debtors are satisfied and believe that the fee structure requested by RK as compensation for the services to be rendered by the firm is ordinary, fair and in fact reasonable.

22. RK is already becoming familiar with the Debtors' books, records, operations and industry.

23. RK is not a pre-petition creditor of the Debtors.

24. Other than as set forth herein or in the engagement letter, there is no proposed arrangement between the Debtors and RK for compensation to be paid in the Chapter 11 Cases.

## Notice

25. The Debtors will provide notice of this Application to the following parties or their respective counsel, if known: (a) the Office of the United States Trustee for the Southern District of New York; (b) the Subchapter V Trustee; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

26. No previous request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, for the reasons set forth herein, the Debtors pray for the entry of the pre-fixed Order, substantially in the form annexed hereto as Exhibit "A" authorizing the

retention and employment of RK as accountants to the Debtors, effective as of June 15, 2023, under section 327(a) of the Bankruptcy Code and for such other and further relief as this Court may deem just and proper.

Dated:   White Plains, New York
           June 23, 2023

                                DAVIDOFF HUTCHER & CITRON LLP
                                *Proposed Attorneys for the Debtor*
                                120 Bloomingdale Road, Suite 100
                                White Plains, New York 10605
                                (212) 557-7200


                                By: */s/ Jonathan S. Pasternak*
                                    Jonathan S. Pasternak