UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
In re:                                                                                                         Chapter 11
                                                                                                                    Case Nos.
CONTEMPORARY MANAGEMENT SERVICES, LLC,       23-22459 (SHL)
REFINED DENTAL LABORATORY LLC,                              23-22460
DALE D. GOLDSCHLAG, D.D.S., P.C.,                                 23-22461
TOTAL DENTAL IMPLANT SOLUTIONS LLC, and         23-22462
CDIC HOLDINGS LLC,                                                           23-22464
                                                                                                                    (Joint Administration
                                                                                                                    Requested)

                                              Debtors.
------------------------------------------------------------------------X

**INTERIM ORDER (I) AUTHORIZING PAYMENT OF PRE-PETITION EMPLOYEE OBLIGATIONS, (II) AUTHORIZING AND DIRECTING BANKS TO HONOR CHECKS WITH RESPECT THERETO, AND (III) APPROVING PAYMENT OF POST-PETITION EMPLOYEE OBLIGATIONS**

Upon the Motion (the "Motion")[1] of the above-captioned debtors (the "Debtors"), for entry of interim and final orders pursuant to 11 U.S.C. §§ 105(a) and 363(b) and Rule 6003 of the Federal Bankruptcy Rules (i) authorizing, but not requiring, payment of prepetition wages and employee benefits, (ii) authorizing and directing banks to honor checks with respect thereto, and (iii) authorizing, but not requiring, payment of post-petition wages, employee benefits, paid time off and expense reimbursement; and an interim hearing on the Motion having been held before this Court on June 26, 2023 at 11:30 a.m. (the "Hearing"); and upon a record of the Hearing which is incorporated herein by reference; and due and sufficient notice of the relief requested in the Motion and the Hearing having been given under the circumstances, and no other or further notice being necessary or required except as provided herein; and, after due deliberation, it appearing that the relief granted herein (a) is necessary to avoid imminent and irreparable harm to the Debtors

---

[1] Capitalized terms not otherwise defined herein shall have the meanings as set forth in the Motion.

and their estates and (b) provides a net benefit to the Debtors and their estates 'taking into account the Debtors' rights under the Bankruptcy Code; and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent provided herein.

2. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Rule 6003 of the Federal Rules of Bankruptcy Procedure, the Debtors are authorized, but not required, to satisfy the Pre-Petition Date Wages in an amount not greater than $24,941.83 without further Order of the Court, provided that the Debtors shall not pay any individual in excess of $15,150 on account of Employee Obligations.

3. Any and all banks or financial institutions are hereby authorized and directed to honor any check issued by the Debtors prior to the Petition Date to pay the Employee Benefit obligations.

4. Nothing in this Order nor any action taken by the Debtors in furtherance of the implementation hereof shall be deemed an approval of the assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code.

5. Nothing in this Order shall impair the ability of the Debtors or an appropriate party in interest to contest any claim of any creditor pursuant to applicable law or otherwise dispute, contest, setoff, or recoup any claim, or assert any rights, claims or defenses related thereto.

6. Nothing in this Order should be construed as approving any transfer pursuant to 11 U.S.C. § 503(c), and a separate motion will be filed for any request that could fall within 11 U.S.C. Section 503(c).

7. No payment to any employee may be made to the extent that it is a transfer in derogation of section 503(c) of the Bankruptcy Code. This Order does not implicitly or explicitly

approve any bonus plan, incentive plan, severance plan or other plan covered by Section 503(c) of the Bankruptcy Code.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

9. Not later than three (3) business days after entry of this Order on an interim basis, the Debtors shall serve by United States mail, first class postage prepaid, copies of this Interim Order and a notice of the hearing to consider entry of a final order on the Motion (the "Final Hearing Notice") to be held on August 3, 2023, at 10:00 a.m. (prevailing Eastern time) (the "Final Hearing"), upon the Notice Parties. The Final Hearing Notice shall state that any objections to the entry of the proposed final order shall be in writing, filed with the Court in accordance with General Order M-242 and served upon the Debtors' counsel, the Subchapter V Trustee, Charles, N. Persing, and the Office of the United States Trustee, so as to be received no later than 4:00 p.m. (prevailing Eastern time) on July 31, 2023 (the "Objection Deadline").

10. If no objections are timely filed and served as set forth herein, the Debtors may request that this Order be treated as final with no further notice or opportunity to be heard afforded to any party.

11. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: White Plains, New York
       July 6, 2023

                                     */s/ Sean H. Lane*
                                     UNITED STATES BANKRUPTCY JUDGE