UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
In re:

CONTEMPORARY MANAGEMENT                              Lead Case No. 23-22459 (SHL)
SERVICES LLC, ET Al.,[1]                             (Jointly Administered)


                         Debtors.
------------------------------------------------------------------------X

## STIPULATION AND CONSENT ORDER REGARDING ADEQUATE PROTECTION PAYMENTS TO ALLIANCE FUNDING GROUP

This Stipulation and Consent Order (this "Stipulation") is entered into by and among Contemporary Management Services, LLC ("CMS"), Dale D. Goldschlag, D.D.S., P.C. ("DDS") and Alliance Funding Group ("Alliance Funding").

**WHEREAS**, CMS and DDS filed for bankruptcy protection under Chapter 11 of the United States Code (the "Code") on June 15, 2023 (the "Petition Date"). Pursuant to Section 1107 and 1108 of the Bankruptcy Code, they each remain in possession of its assets and has continued and intends to continue in the operation and management of its business.

**WHEREAS**, Alliance Funding asserts that it is a secured lender with respect to certain equipment (the "Liened Equipment") that is the subject of an equipment lease agreement #22-17919 dated November 7, 2022 between Alliance Funding, as lessor, and CMS, as lessee ("Lease 22-17919") and an equipment lease agreement #22-17920 dated November 7, 2022 between Alliance Funding, as lessor, and CMS, as lessee ("Lease 22-17920"), copies of which are annexed hereto respectively as Exhibits "A" and "B", and used by CMS in the operation of its business by reason of the Financing Documents (as that term is defined below) with the power to initiate, conduct, or otherwise prosecute the enforcement of its rights and remedies in accordance with the Financing Documents and applicable law.

---

[1] Jointly administered with Dale D. Goldschlag D.D.S. P.C., d/b/a Contemporary Dental Implant Centre® (**-***6832), CDIC Holdings, LLC (**-***8684), Refined Dental Laboratory, LLC (**-***7644), and Total Dental Implant Solutions, LLC (**-***8229)

1

**WHEREAS**, Alliance Funding asserts and CMS and Goldschlag hereby acknowledge, reaffirm and stipulate to the indebtedness owed by CMS and Goldschlag to Alliance Funding as of the Petition Date pursuant to the all of the written agreements, documents and instruments executed in connection with the same (collectively, the "Financing Documents") including without limitation, the following documents and instruments:

i) Lease 22-17919;

ii) Lease 22-17920

iii) The Unconditional Guaranty by Business Entity dated November 7, 2022 pursuant to which DDS guaranteed the obligations of CMS under Lease 22-17919; and

iv) The Unconditional Guaranty by Business Entity dated November 7, 2022 pursuant to which DDS guaranteed the obligations of CMS under Lease 22-17920.

**WHEREAS,** Alliance Funding contends that the principal indebtedness outstanding and owed by CMS and Goldschlag in connection with each of the Liened Equipment is as follows:

i) $248,931.43 under Lease 22-17919 consisting of fifty-six (56) monthly lease payments $4,067.11, plus applicable taxes on each payment of $360.95; plus late fees in the sum of $610.07, plus a termination fee of $349.00, plus a lease end residual payment of $1.00; and

ii) $248,598.53 under Lease 22-17920 consisting of fifty-six (56) monthly lease payments $4,061.66, plus applicable taxes on each payment of $ 360.47; plus late fees in the sum of $609.25, plus a termination fee of $349.00, plus a lease end residual payment of $1.00.

2

**WHEREAS**, Alliance Funding asserts that it properly obtained its security interest in and lien on the Liened Equipment by, among other things, filing financing statements in the appropriate jurisdiction; and

**WHEREAS**, Alliance Funding asserts that its liens and security interests in, to and against the Liened Equipment are valid, enforceable and properly perfected, and are not subject to avoidance under applicable state and/or federal law; and

**WHEREAS**, in order to continue the CMS's business in the same capacity as such business was operating pre-petition, CMS requires the use of the Liened Equipment; and

**WHEREAS**, Alliance Funding and CMS have reached an agreement as to the conditions upon which Alliance Funding will forebear from exercising its right as a secured creditor against the Liened Equipment; and

**WHEREAS**, the parties hereto desire to set forth the terms upon which Alliance Funding will forebear from exercising its rights as a secured creditor against the Liened Equipment and incorporate such understanding in an Order of the Bankruptcy Court; and

**NOW, THEREFORE**, in consideration of the mutual covenants and agreements set forth in this Stipulation, in an effort to avoid unnecessary expense and litigation, and with the intent to be legally bound by the terms contained herein, Alliance Funding, CMS and Goldschlag agree as follows:

1. **<u>Adequate Protection Payments.</u>** On or before July 22, 2023 CMS shall pay to Alliance Funding the sum of $17,700.38 representing the post-petition amounts due and owing under Lease 22-17919 and Lease 22-17920 through and including July 15, 2023. Thereafter, CMS shall make adequate protection payments with respect to the Liened Equipment in the amount of $8,850.19 each month commencing on or before August 15, 2023, and continuing on or before the 15th day or each month until Court approval of a plan of reorganization or conversion or dismissal of this Chapter 11 case.

3

2. **Use of Alliance Funding Liened Vehicles.** In the absence of any default on the part of Debtor with respect to Debtor's obligation hereunder, Alliance Funding shall forebear from exercising any of its right as a secured creditor in connection with the Liened Equipment during the term of this Stipulation and CMS shall, during the term of this Stipulation, be entitled to use the Liened Equipment in the operation of CMS's business.

3. **Insurance.** CMS shall maintain insurance of the type and in the amounts and with carriers that are reasonably acceptable to Alliance Funding. CMS shall cause the carrier issuing such policy or policies to name Alliance Funding as loss payee and additional insured with respect to the Liened Equipment.

4. **Events of Default.** Each of the following breaches shall be deemed to constitute an Event of Default if CMS fails to cure such breach within fifteen (15) days following receipt by CMS, the Subchapter V Trustee and the Office of the United States Trustee of a written demand from Alliance Funding or its legal counsel to cure: (a) CMS fails to make any adequate protection payment when due in accordance with the terms of this Stipulation; or (b) CMS's bankruptcy case is converted or dismissed. Upon the occurrence of an Event of Default, Alliance Funding may submit an order terminating the automatic stay to permit It to exercise any rights it has as a perfected secured creditor in and to the Liened Equipment without the need for further notice or hearing. CMS and Goldschlag hereby consent to the entry of an Order lifting the automatic stay upon Alliance Funding's submission of an affidavit from an authorized representative to the Bankruptcy Court evidencing an Event of Default.

5. **Binding Effect of This Stipulation.** Unless otherwise provided herein, the terms and conditions of this Stipulation relating to the liens and priorities granted to Alliance Funding during the period covered by this Stipulation shall be binding upon CMS, DDS, the Subchapter V Trustee, any Chapter 11 trustee that may be appointed in the reorganization case or any trustee in a case under Chapter 7 of the Bankruptcy Code into which the reorganization case may be converted. This binding effect is an integral part of this Stipulation evidenced hereby.

Nothing herein shall divest Alliance Funding of the adequate protection granted herein for the period covered by this Stipulation.

6. **No Effect On Other Rights.** This Stipulation and Consent Order shall not operate to modify, alter, impair, affect, abrogate, amend, restrict or nullify any rights of Alliance Funding with respect to any person or entity other than the CMS and DDS, nor to release, alter, impair, affect or abrogate any debts, claims, demand, actions and causes of action in law and equity, whether known or unknown, that Alliance Funding may have as to any person or entity other than CMS and DDS. Each of the parties, including Alliance Funding, CMS and DDS, in whatever capacity, reserves all rights, remedies and interest that it has or may have under agreements, documents or circumstances other than the Financing Documents.

7. **Signature of CMS.** The signature of any officer of CMS and DDS submitted in writing and accepted by Alliance Funding in writing, whether by letter, facsimile or e-mail to Alliance Funding or appearing on any one or more of the aforesaid security agreements, instruments or documents, shall bind the CMS and DDS with respect to documents executed and other actions taken pursuant to this Stipulation.

8. **Core Matters.** The subject of this Stipulation is a "core" proceeding with the meaning of 28 U.S.C. §157. This Stipulation shall be valid and fully effective, shall be binding upon and inure to the benefit of Alliance Funding, CMS, CMS's bankruptcy estate, DDS, DDS's bankruptcy estate and their respective successors and assigns (including, without limitation, any trustee, examiner, or responsible person in this or any subsequent proceeding under the Bankruptcy Code), immediately upon its entry and during the pendency of the CMS's and DDS's bankruptcy proceedings.

9. **Notice.** Any notice which may be required to be given by Alliance Funding to the CMS and/or DDS shall be sufficient if notice is given by e-mail, facsimile transmission, hand delivery, or regular, certified or registered United States mail to:

5

As to the CMS and/or DDS:

>Dale Goldschlag
>c/o Contemporary Management Services, LLC
>1075 Central Park Avenue, Suite 402
>Scarsdale, NY  10583

With a copy to:

>Jonathan S. Pasternak, Esq.
>Davidoff Hutcher & Citron, LLP
>120 Bloomingdale Road, Suite 100
>White Plains, NY  10605
>jsp@dhclegal.com

| | |
|---|---|
| **Dated:  July 17, 2023** | **CONSENTED AND AGREED TO:** |
| | **DAVIDOFF HUTCHER & CITRON, LLP** |
| | By: */s/ Jonathan S. Pasternak*<br>**Jonathan S. Pasternak**<br>*Proposed Attorneys for the Debtors*<br>*Contemporary Management Services, LLC*<br>*and Dale D. Goldschlag, D.D.S., P.C.*<br>**120 Bloomingdale Road**<br>**White Plains, New York 10605**<br>**(914) 381-7400** |

                              **FOSTER & WOLKIND, P.C.**

                **By**  */s/ Peter B. Foster*
                     **Peter B. Foster**
                     *Attorneys for Alliance Funding Group*
                     **80 Fifth Avenue, Suite 1401**
                     **New York, New York 10011-8002**
                     **(212) 691-2313**

**SO ORDERED THIS __ DAY OF
AUGUST 2023**

_____
**HON. SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE**

7