UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

In re:

CONTEMPORARY MANAGEMENT                          Lead Case No. 23-22459 (SHL)
SERVICES LLC, ET Al.,[1]                              (Jointly Administered)

                              Debtors.

--------------------------------------------------------------------X

### DECLARATION OF DALE D. GOLDSCHLAG, D.D.S. IN FURTHER SUPPORT OF DEBTORS' OBJECTION TO MOTION OF UNITED STATES TRUSTEE FOR APPOINTMENT OF A PATIENT CARE OMBUDSMAN

DALE D. GOLDSCHLAG, D.D.S., being duly sworn, declares and says:

1.      I am the sole member and manager, or president, as applicable, of each of the above-captioned debtors and debtors in possession (the "Debtors"), except for Total Dental Implant Solutions LLC, which entity I own 60% of the membership interests in, and, as such, I am fully familiar with the facts and circumstances set forth herein.

2.      I submit this Declaration in response to the United States Trustee's Statement in Furtherance of Motion of United States Trustee for Appointment of a Patient Care Ombudsmen Under 11 U.S.C. §§ 101(27A) and 333 [ECF No. 64], and in further support of the Debtors' Objection ("Objection") to the Motion of the United States Trustee for Appointment of a Patient Care Ombudsman Under 11 U.S.C. §§ 101(27A) and 333 (the "Motion")[2] [ECF No. 13].

---

[1] Jointly administered with Dale D. Goldschlag D.D.S. P.C., d/b/a Contemporary Dental Implant Centre® (**-***6832), CDIC Holdings, LLC (**-***8684), Refined Dental Laboratory, LLC (**-***7644), and Total Dental Implant Solutions, LLC (**-***8229).

[2] Capitalized terms used herein not otherwise defined shall have the meaning ascribed to them in the Motion.

3.      Despite the United States Trustee's assertions to the contrary, I still believe that the appointment of a patient care ombudsmen in these cases is still wholly unnecessary, as none of the Debtors are direct providers of any medical or dental procedures in any manner.

4.      The facilities, management companies, dental implant lab, dental implant distribution and supply corporation, and the real estate lease management corporation that comprise the Debtors do not provide any direct dental or medical treatment. They merely provide an equipped, ambulatory care destination for fully independent dentists and their own corporations; essentially facilities for them to provide care to their own patients.

5.      The Debtors are not privy to the medical care that any contracting dental corporation and its dentists provide for dental implants, which take 1 to 4 months to complete, and the patients remain with their independent doctors and/or corporations.

6.      Each independent specialist maintains their own schedule on their own patients, based on their own hours and skill sets, and see patients, with each having full clinical autonomy. The Debtors do not access any records or are involved in any aspect of providing medical or dental care to any patient.

7.      The Debtors have no control, no tracking of work in progress, no standing, and no responsibility in the dental care provided at the locations and facilities managed by the Debtors.

8.      The independent contractors, corporations, and their dentists, are the sole providers of dental care, and their patients are their sole responsibility. They often continue to see these patients that are their own for continued care in their own private offices, as they are fully independent providers. Continuity of care is the sole responsibility of the provider, as the facilities of the Debtors are available for their use with high-level equipment for fair management fees to maintain these facilities.

9.      The Debtors' facilities have never billed any insurance corporation for any dental procedure as the Debtors are not the providers of care.

10.     Each doctor and their corporation maintains professional liability insurance, in the name of their corporation, the doctor of that corporation, and have the Debtors' facilities d/b/a's named as an additional insured party. There is no continuous treatment on these patients. The independent doctors and their corporations provide clinical examination and dental treatment, with their own electronic patient files, that are not owned by the Debtors, in a cloud, based electronic record that is fully managed by each of their own licensed electronic records. Those records that are  cloud-based, are portals between the patient and their independent treating doctor and are not records of any of the Debtors.

11.     No paper medical files are in any of the Debtors' possession, oversight, maintenance or control. Same applies to electronic medical records for the past 7 years. The files are secured between the independent dentists and their corporations, with access only by the provider of care and not the Debtors.

12.     Furthermore, the advertisement described in the United States Trustee's statement merely describes the services that the independent contractor dentists employ, and not services that the Debtors provide,

13.     Accordingly, there are  no debtor related health care activities that require the appointment of an ombudsmen.

## **CONCLUSION**

For these reasons and those stated in the Application and prior declaration, the Debtors respectfully submit that the appointment of an Ombudsman is neither appropriate nor necessary, and respectfully requests that the Motion be denied.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: Scarsdale, New York
        September 14, 2023

                                                          */s/ Dale D. Goldschlag*
                                                          Dale D. Goldschlag