| | |
|---|---|
| DAVIDOFF HUTCHER & CITRON LLP<br>*Attorneys for the Debtors*<br>120 Bloomingdale Road, Suite 100<br>White Plains, New York 10605<br>(914) 381-7400<br>Robert L. Rattet, Esq.<br>Jonathan S. Pasternak, Esq. | *Hearing Date:* December 6, 2023<br>*Hearing Time:* 10:00 a.m. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
In re:

CONTEMPORARY MANAGEMENT                    Lead Case No. 23-22459 (SHL)
SERVICES LLC, ET Al.,[1]                              (Jointly Administered)


                            Debtors.
------------------------------------------------------------------------X

## **DEBTORS' MOTION TO DISMISS THE BANKRUPTCY CASES**

The above-captioned debtors and debtors-in-possession (the "Debtors"), by their undersigned attorneys, Davidoff Hutcher & Citron LLP, hereby move the Court (this "Motion") for entry of an order dismissing the Debtors' Chapter 11 cases pursuant to §§ 105, 305, and 1112(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), and, in support thereof, submit the following:

### **PRELIMINARY STATEMENT**

1.     The Debtors filed these Chapter 11 cases with the hopeful intention to achieve a successful reorganization of their business. Despite the Debtors' best intentions and efforts, the Debtors do not believe they can reorganize any more due to the severe and unrecouped losses of business and revenue initially caused by the Covid-19 Pandemic, combined with unsuccessful

---

[1] Jointly administered with Dale D. Goldschlag D.D.S. P.C., d/b/a Contemporary Dental Implant Centre® (**-***6832), CDIC Holdings, LLC (**-***8684), Refined Dental Laboratory, LLC (**-***7644), and Total Dental Implant Solutions, LLC (**-***8229).

attempts to obtain new customers during the Chapter 11 cases, and the exhaustion of all remaining sources of capital available to the Debtors. Since the inception of these Chapter 11 cases and despite an aggressive marketing campaign and infusion of significant capital, the Debtors have operated at a loss and their revenues show no sign of improving. Rather than convert to Chapter 7 and liquidate, the Debtors believe that a dismissal of their Chapter 11 cases is a preferable alternative because other than left over funds to pay the Subchapter V Trustee's fees upon dismissal, there are little if any assets left to liquidate, and all parties would save on judicial resources through out of Court and/or State Court solutions. For these reasons and the reasons set herein, the Debtors respectfully request that their Chapter 11 cases be dismissed.

## JURISDICTION

2.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are §§ 105(a), 305 and 1112(b) of the Bankruptcy Code.

## FACTUAL BACKGROUND

5.      On June 15, 2023 (the "Filing Date"), each of the Debtors filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

6.      The Debtors have continued in possession of their property and the management of their business affairs as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No examiner or statutory committee has been appointed.

7.      On June 16, 2023, Charles N. Persing (the "SubV Trustee") was appointed as the Subchapter V Trustee for these Chapter 11 Cases.

8.      The Debtor, Contemporary Management Services, LLC ("CMS"), is a management company that provides management services to certain of the other Debtors, including Dale D. Goldschlag D.D.S. P.C. ("DDG PC") and various non-debtor entities, including non-debtor affiliate Manhattan Dental Implant Solutions P.C. ("MDIS PC").

9.      CMS manages the back-office, non-doctor staff, call centers, equipment and other supplies, scheduling of patients, marketing and all of the non-clinical work of the Debtors' dental referral businesses. CMS maintains bank accounts in which it collects fees for managing DDG PC and other non-debtor entities like MDIC PC.

10.      DDG PC which operates under the trade name Contemporary Dental Implant Centre®, is a professional corporation through which a New York based dental practice is operated. MDIS PC is a non-debtor affiliate which operates under the trade names Elite Dental Implants® as well as Contemporary Dental Implant Centre®, is likewise a professional corporation through which a New York based dental practice is operated.

11.      Refined Dental Laboratory LLC ("Refined Dental") fabricated the crowns used by the professional corporations when servicing patients. It owns certain inventory and finances certain equipment all presently housed at the laboratory facility in Valley Stream, NY.

12.      Total Dental Implant Solutions LLC ("Total Dental"), which did business as Genicore®, is a medical device company specializing in dental implants. It has historically sold CT scans and dental implants.

13. CDIC Holdings LLC ("CDIC") is a real estate entity and exists as the counterparty to a majority of the leases from which each dental office operates. It also owns much of the assets and value associated with the buildouts for such leased locations.

14. Overall, the Debtors do not make clinical decisions for patient care, but rather refer business to independent contractor dentists who operate under their own professional organizations. The Debtors maintain that they are not health care providers of any kind.

15. Combined, the Debtors operated a successful management company for many years, but as a result of the non-essential determination for the Debtors' business operations during the COVID-19 Pandemic shut-down in New York, the Debtors' business ceased nearly overnight. Various counterparties and creditors provided relief and assistance where possible, but the operations never achieved a full recovery to pre-pandemic levels in New York. Each of the Debtors obtained relief from the government assistance programs offered to small businesses during the COVID crisis. However, unforgiven PPP loans and EIDL loans still remain obligations of the Debtors. Overall, the accumulated debt for the Debtors was overwhelming.

16. Adding insult to injury, the Debtors' former controller failed to prepare work papers and caused the accountants to file the Debtors' annual tax returns untimely and the same were only recently filed in October of 2022 on account of tax years 2019-2021. That same controller resigned in mid-December 2022 and left the Debtors unorganized and without any in-house person to serve the same role. As a result, the Debtors' principal, Dale Goldschlag ("Goldschlag"), had to attempt to manage the finances on top of his other duties and obligations day to day.

17. In order to cover losses in the operations, before and during the Chapter 11 Cases Goldschlag has personally loaned or advanced the Debtors various amounts of capital, which

advances funded many obligations and overhead expenses of the Debtors. Additionally, DDG PG entered into several merchant cash advance agreements to be able to generate more income to cover the operating expenses. Despite the Debtors' attempts, their cash flow was not sufficient to pay all of these lenders.

18. After the Filing Date, the Debtors attempted to stabilize their operations and underwent a rigorous marketing process funded by Goldschlag in order to seek more customers and return to pre-Covid levels of business revenue.

19. The Debtors' attempt to increase their marketing efforts to attract new customers was ultimately not as productive as they had hoped, and they have been unsuccessful in restoring their operations to a sustainable level during the Chapter 11 Cases.

20. Indeed, the last monthly operating reports filed by the Debtors on October 25, 2023, further illustrate the frustration of their attempts to re-organize, as the reports show losses and little to no assets in the estates.

21. Despite their best efforts, the Debtors' goals in bankruptcy have been completely frustrated. The Debtors are unable to confirm a feasible plan. Due to the above, the Debtors believe it is in the best interests of their creditors and their estates to dismiss their Chapter 11 cases.

## RELIEF REQUESTED

22. Pursuant to § 305(a)(1) of the Bankruptcy Code, "[t]he court, after notice and a hearing, may dismiss a case ...at any time if – the interests of creditors and the debtor would be better served by such dismissal."

23. The relevant inquiry under Section 305 is whether economy and efficiency of administration with regard to the interests of both the debtor and creditors favor dismissal. *In re*

*O'Neil Village Personal Care Corp.*, 88 B.R. 76 (Bankr. W.D. Pa. 1988). To that end, suspension, abstention, or dismissal is, therefore, appropriate when much of what can be accomplished before the Bankruptcy Court has or can be accomplished in actions before the state court. *See Id.*

24. Additionally, the Court is granted the authority to dismiss a Chapter 11 proceeding in § 1112(b)(1) of the Bankruptcy Code which provides that the Court may dismiss a Chapter 11 case provided that the movant establishes cause.

25. § 1112(b)(4)(A) states that cause exists for dismissal of a Chapter 11 proceeding when there is no likelihood of rehabilitation. The Debtors assert that cause exists, and dismissal is appropriate because there is no purpose for continuing these Chapter 11 cases. The Debtors have exhausted almost all available channels of relief afforded under the Bankruptcy Code. The Debtors are unable to organize, there are no assets to liquidate if these cases were to convert to Chapter 7, and upon dismissal the Debtors will pay the SubV Trustee's fees in full.

26. Dismissal of these Chapter 11 cases is a more equitable solution, as it provides creditors access to State Court and out of Court solutions for resolving their claims.

27. Thus, the Debtor respectfully requests that its Chapter 11 proceeding be dismissed, and requests entry of the proposed order annexed hereto as Exhibit "A".

## NOTICE

28. Notice of this Motion will be provided to (i) Office of the United States Trustee; (ii) parties who have filed notices of appearance; (iii) the SubV Trustee, and (iv) all creditors. The Debtors submit that said notice is adequate and proper.

- 7 -

**WHEREFORE**, the Debtors respectfully request that the Court enter an order dismissing the Chapter 11 cases substantially in the form annexed hereto as Exhibit "A", together with such other and further relief as is just and proper under the circumstances.

Dated: White Plains, New York
      November 6, 2023

                                 DAVIDOFF HUTCHER & CITRON LLP
                                 *Attorneys for the Debtors*
                                 120 Bloomingdale Road, Suite 100
                                 White Plains, New York 10605
                                 (914) 381-7400

                                 By: */s/ Jonathan S. Pasternak*
                                      Jonathan S. Pasternak